**ERNEST W. BROWN, Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 265, Docket 24941.**

United States Court of Appeals Second Circuit.

Argued April 14, 1958.

Decided July 11, 1958.

Vincent H. Maloney, New York City, John P. Lipscomb, Jr., Washington, D. C., Vincent D'Ecclesiis, New York City, for petitioner.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Kenneth E. Levin, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

The question raised by the petition for review is whether the taxpayer incurred a deductible loss in 1952, under Section 23(f) of the Internal Revenue Code of 1939, 26 U.S.C. § 23(f), when two contracts under which taxpayer was acting as attorney-in-fact for certain insurance underwriters of reciprocal insurance were terminated by the underwriters. This, in turn, depends upon whether the contracts had any basis in the hands of the taxpayer. A complete statement of facts is contained in the opinion of the Tax Court, 28 T.C. 682, sustaining the Commissioner's disallowance of the loss claimed by the taxpayer.

Prior to December 28, 1923, Ernest W. Brown was the attorney-in-fact of two exchanges of reciprocal insurance underwriters. On that day he submitted an offer to the taxpayer, a corporation wholly owned by him, offering to resign his positions and to procure the appointment of the taxpayer in his stead. In return the taxpayer was to issue Brown its six per cent fully paid notes or debentures of the par value of $500,000. A majority of the taxpayer's board accepted this offer and the arrangement was subsequently carried out.

██ On these facts the Tax Court concluded, relying upon § 112(b) (5) of the Internal Revenue Code of 1939, 26 U.S.C. § 112(b) (5),[1] that since Brown the individual had a zero basis for the contracts, Brown the corporation also had such a basis. The taxpayer urges that § 112(b) (5) is inapplicable because the contracts were not "transferred" to it by Brown, but rather acquired by it from the underwriters after Brown resigned. This contention is without merit. The Commissioner is not bound by the form in which the parties clothed their transaction. When necessary to protect the revenue he may look through the form in order to perceive the substance of the transaction, Commissioner v. P. G. Lake, Inc., 1958, 356 U.S. 260, 78 S.Ct. 691, 2 L.Ed.2d 743; Higgins v. Smith, 1940, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406. In the present case the substance of the transaction was that Brown, in

1. "No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation * * *."

whose hands the contracts had a zero basis, transferred his rights under the contracts to the taxpayer. Hence, under § 112(b) (5) the taxpayer had a zero basis for the contracts.

Affirmed.